## Chicago & Kansas City Coal Co. v. August Nelson.

1. VERDICTS—*On Conflicting Evidence.*—The evidence in this case is conflicting, and the verdict should be accepted as final, in view of the fact that there is enough on behalf of the plaintiff, if believed, to sustain it.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Menard County; the Hon. CYRUS EPLER, Judge, presiding. Heard in this court at the November term, 1896. Affirmed. Opinion filed June 16, 1897.

N. W. BRANSON and T. W. McNEELY, attorneys for appellant.

H. W. MASTERS and CHARLES NUSBAUM, attorneys for appellee.

OPINION PER CURIAM.

This is an appeal for a judgment for $500 in an action on

the case. The declaration averred that the plaintiff was working as a coal miner for defendant, and as such employe was necessarily let down the shaft of the coal mine in a cage, which was lowered by means of certain apparatus and machinery operated by an engineer in the employ of defendant; that said engineer was careless and unskillful; and that by reason of the carelessness and incompetence of said engineer, the cage upon which plaintiff was being let down the shaft was suffered to descend too rapidly, whereby plaintiff was seriously injured. It was also averred that the defendant was negligent in employing and in retaining the engineer. The proof tended sufficiently to show that plaintiff was injured, as alleged, by the negligence of the engineer, and there was considerable proof tending to show that the engineer was negligent and careless in the performance of his duty, so frequently as to attract attention and cause unfavorable comment. It was proved also that notice of this matter was brought to the superintendent of the defendant company.

The superintendent denied that he had such notice, or any reason to doubt the fitness of the engineer. On this point the evidence is conflicting, and the verdict should be accepted as final, in view of the fact that there is enough on behalf of the plaintiff, if believed, to sustain the conclusion.

There is evidence also that the reputation of the engineer was bad, and a little more inquiry than was made by the officers of the defendant company probably would have apprised them of it.

Perhaps they made as much inquiry as is usual in such cases, and if the negligence of defendant rested alone upon what they did or omitted in this regard the case would present a different aspect, but with the proof just referred to of actual notice and retention thereafter, we think this court should not interfere. No objections are urged to the rulings of the trial court upon instructions or the admission of evidence.

Judgment affirmed.